**ASSOCIATED METALS & MINERALS CORP.**

v.

**UNITED STATES.**

**C.D. 4677; Court No. 68/67256–19252.**

United States Customs Court.

Dec. 9, 1976.

Rode & Qualey, New York City (Ellsworth F. Qualey and Peter Jay Baskin, New York City, of counsel), for plaintiff.

Rex E. Lee, Asst. Atty. Gen., Washington, D. C. (John N. Politis, trial attorney, New York City), for defendant.

WATSON, Judge:

The correct classification of the shipment of fluorspar under dispute depends on whether or not it was more than 97% calcium fluoride by weight. The district director at the port of New Orleans found it to be less than 97% calcium fluoride and classified it under item 522.24 of the Tariff Schedules of the United States, dutiable at the rate of $8.40 per ton. Plaintiff contends the shipment contained more than 97% calcium fluoride and should have been classified pursuant to item 522.21 and assessed with duty at the rate of $2.10 per ton.

At the trial, both sides offered evidence based on laboratory tests of the calcium fluoride, those conducted in the customs laboratory showing less than 97%, those conducted in the laboratories used by plaintiff showing more than 97%. In weighing this evidence I found that plaintiff's proof was the more persuasive, sufficient initially to overcome the presumption of the correctness of the district director's decision and sufficient ultimately to withstand and surpass the evidence offered by defendant.

Deciding between conflicting laboratory reports obtained from the analysis of what is presumably the same substance might at first seem an impossible predicament. Nevertheless, although the scales of justice are not laboratory scales, fine and meaningful distinctions can still be made in the weighing of evidence.

In a number of respects, plaintiff's evidence impressed me as superior to that of defendant. It was notably stronger in its demonstration of the methodical care with which sample material was taken from the shipment in issue and transmitted for testing. It was impressively broad in its base, being founded on tests conducted in three independent laboratories. It was persuasive in its reliance on more than one method of testing and in the uniformity of the results. In addition, it was supported by meaningful evidence as to the existing course of business and the expectations of the parties regarding their fluorspar transactions. All this led me to find a preponderance of evidence on the plaintiff's side and a marked similarity to the circumstances discussed by our appellate court in *Aluminum Company of America v. United States,* 477 F.2d 1396, 60 CCPA 148, C.A.D. 1102 (1973).

Although defendant's proof was not without some strength, it was deficient on the subject of connection to the shipment at issue and less impressive in the scope and variety of its tests. I give less importance to what may have been the superiority of the preservation of underlying work notes by the defendant's chemists and the repetition of their tests than to the strong con-

nection with the disputed shipment and uniformity of result of plaintiff's three independent laboratories. In this case I am weighing the conclusions reached by experts and would not resort to their working notes unless there was a dispute which only the underlying notes, rather than the results, could resolve.

For the above reasons I find the shipment at issue to have been composed of fluorspar with a calcium fluoride content over 97%.

Judgment will enter accordingly.