Slip Op. 00-111

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:   RICHARD W. GOLDBERG, JUDGE**

| | |
|---|---|
| TARGET STORES, DIVISION OF HUDSON CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br>                    Defendant. | Court No. 95-04-00376<br>(Joined Issue) |

**OPINION AND ORDER**


On January 12, 2000, plaintiff Target Stores moved for summary judgment in the above-captioned matter.  On March 25, 2000, plaintiff moved the Court to amend its summary judgment motion.  On March 31, 2000, defendant United States cross-moved for partial summary judgment.  On May 8, 2000, plaintiff responded to defendant's cross-motion for summary judgment and on May 30, 2000, defendant replied to plaintiff's opposition to its cross-motion.

Upon close review of the submitted motion papers, the Court finds a genuine factual dispute that is material to the resolution of the action.  In particular, plaintiff offers evidence, based on the results of a scientific test, that the external surface area of the uppers of certain entries[1] are composed of over 90% plastic. Defendant rebuts plaintiff's claim by directing the Court to its own scientific test that purportedly demonstrates that the external surface area of the uppers of the subject entries are not composed of over 90% plastic. Defendant further points out to the Court that its classification, and all underlying factual determinations, are accorded a presumption of correctness. See 28 U.S.C. §

---

[1] The entries at issue include the following Neo Grande Sandals: girls' sizes 3, 4, 11, 12 and 13; boys' sizes 1, 2, 11, 12, and 13; youths' sizes 3, 4, 5, and 6; men's Greatland sizes 7, 8, 10, and men's Omega sizes 8, 11, 12.

2639(a)(1)(1994); United States v. New York Merchandise Co., 58 C.C.P.A. 53, 58, 435 F.2d 1315, 1318 (1970).

Although the Court recognizes that the defendant's classification enjoys a presumption of correctness, the plaintiff has presented substantial contrary facts "tending to prove...that the original classification by the [defendant] was erroneous." Id.(emphasis added). Thus, there remains a genuine issue of fact to be resolved at trial: whether the external surface area of the uppers of the entries at issue are composed of over 90% plastic. See e.g., Associated Metals and Minerals Corp. v. United States, 77 Cust. Ct. 100, 426 F.Supp. 568 (1976). The issue of fact is material because the composition of the external surface area of the uppers of the entries at issue is dispositive to their classification under the Harmonized Tariff Schedule of the United States ("HTSUS").

At trial, the parties will be required to demonstrate the reliability of the conflicting evidence to determine the composition of the external surface area of the uppers. See Libas Ltd., v. United States, 193 F.3d 1361 (Fed. Cir. 1999). Therefore, summary judgment is not appropriate for this issue.

Summary judgment is appropriate, however, with respect to the imported women's shoes sizes 5, 6, 7, 8, and 9 that the defendant has agreed should be reliquidated under subheading 6402.99.15, HTSUS, with a duty rate of 6% ad valorem. Thus, partial summary judgment is appropriate on this issue.

Therefore, upon consideration of plaintiff's motion for summary judgment and brief in support thereof, defendant's response; and defendant's cross-motion for partial summary judgment and brief in support thereof, plaintiff's response, and defendant's reply; and upon all other papers; and upon due deliberation, it is hereby

**ORDERED** that partial summary judgment for plaintiff is **GRANTED** with respect to the imported women's shoes sizes 5, 6, 7, 8, and 9;

**ORDERED** that the imported women's shoes sizes 5, 6, 7, 8, and 9 be reliquidated under subheading 6402.19.15, HTSUS, with any refunds payable by reason of this order paid with any interest provided by law;

**ORDERED** that partial summary judgment is **DENIED** for plaintiff in all other respects;

**ORDERED** that partial summary judgment is **DENIED** for defendant is all respects; and it is further

**ORDERED** that plaintiff and defendant confer and jointly submit an amended scheduling order within twenty (20) days of the date of this Order.

**SO ORDERED.**

_____
JUDGE

Date:     August __, 2000
          New York, New York